## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEFFREY EDWARD WILLIAMS          :

    Plaintiff                :

v

                                                     :          Civil Action No.PJM-09-1127

C.L. WEIMER, et al.

                                                     :

    Defendants

o0o
## **MEMORANDUM**

Pending is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 12. Plaintiff opposes the motion and seeks appointment of counsel.  Paper No. 14.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2009).   For the reasons stated below, Defendants' Motion to Dismiss or for Summary Judgment shall be construed as a Motion for Summary Judgment and shall be granted. Plaintiff's request for appointment of counsel shall be denied.

### Background

Plaintiff alleges that Officer Weimer lied about him committing a rule violation on January 15, 2008, when she stated that she observed Plaintiff "doing something through the crack of a cell door."  Paper No. 1 at p. 4.  Plaintiff also states that on March 25, 2009, Officer Dickerson reported that he was standing in a stairwell masterbating, but failed to reflect the time and date of the incident in her report.  *Id*.  Plaintiff further claims that at the hearings concerning these allegedly false reports, Officer Dean violated his right to a fair hearing by adding a rule violation that was not charged in the Notice of Infraction.  Plaintiff claims Dean also committed fraud and perjury in connection with the disciplinary hearing.  *Id*.  Plaintiff further claims that on June 17, 2009, Officer Whiteside lied when he said Plaintiff threatened to kill him.  *Id*.  Plaintiff

denies threatening Whiteside.

Defendants state that Defendant Weimer wrote a notice of infraction on January 15, 2008, charging Plaintiff with openly masturbating. Paper No. 12 at Ex. 1, p. 13. The incident was witnessed by another officer, Sergeant P. Bandy. *Id*. at p. 12. Plaintiff was given a hearing on the charges and was found guilty of violating Rule 119, which prohibits inmates "from committing, performing, or engaging in an act of indecent exposure to include masturbation." The hearing officer state the reason for the decision as follows:

> I found credible and reliable [the report] of CO Weimer, incident report of CO Bandy . . . I find as fact and conclude from a preponderance of the evidence that Inmate Williams did masturbate toward (sic) CO Weimer as she observed him standing in his cell with the light on as his arm was moving vigoursly stroking his erect penis. I find that he was observed by the officer whose report clearly and convincingly stated that she saw the behavior through the crack in the cell door. I was not persuaded by the inmate's arguments that if he did commit the act why was he left (sic) out of his cell to go on passes as if this action by staff exonerated him from the masturbation. In making this finding I found that Mr. Williams did not establish any grounds, call any witnesses who would testify nor persuade me that he did not commit this action. I also relied in making this finding on the report of Sgt. Bandy who also notes that he observed the rapid arm movement of Inmate Williams while he was with CO Weimer.

*Id.* at Ex. 1, pp. 9 -- 10. Plaintiff appealed the guilty finding to the warden who upheld the guilty finding, but reduced the penalty by restoring Plaintiff's visiting privileges and reducing the number of good conduct credits lost from 60 days to 30 due to Plaintiff's prior adjustment history. *Id.* at p. 1.

On March 25, 2008, Plaintiff was observed masturbating openly by Officer Dickerson. She saw Plaintiff leaving a case manager's office and walking towards the stairwell. Paper No. 12 at Ex. 3, p. 9. Upon entering the stairwell, Plaintiff began masturbating while looking at Dickerson. *Id.* When she told Plaintiff she would be writing a ticket for the incident, he ran

down the hallway. Plaintiff's identity was later verified by consulting with the case manager whose office he had left prior to the incident. *Id*.

Dickerson's ticket charged Plaintiff with violating Rule 117 which prohibits inmates from engaging in nonconsensual sex acts. *Id*. Upon review of the facts alleged, Sergeant Dean in his capacity as institutional adjustment representative determined that the Rule 117 charge was inappropriate and that Plaintiff should have been charged with violating Rules 119 and 405,[1] therefore, those two charges were added on April 3, 2008, and a new notice of infraction was issued. *Id*. Plaintiff was served with a copy of the new notice, but he refused to sign for the re-service. *Id*. at Ex. 4. His hearing regarding the new notice of infraction was then postponed so that Plaintiff had at least 24 hours notice prior to the adjustment hearing. *Id*.

On April 10, 2008, Plaintiff was provided a hearing on the charges alleged by Dickerson. The hearing officer found Plaintiff guilty of violating Rules 119 and 405, stating:

> H[earing] O[fficer] weighed and considered the observed testimony, demeanoer and affect of Williams, issues raised by Rep[resentative] Nick, those raise[d] by the inst[itutional] rep[resentative], Sgt. Dean . . . . Williams presented the affirmed report was fabricated. He never elaborated as how or why this would have occurred. He presented that there was [no] code called, or any assistance called for by Dickerson. Williams presented his copy of the report and presented that he could not defend as there was not date and time listed. HO noted the white copy and date and time are listed as 3-25-08 at 1020 hrs, in the same hand and consistent with the remainder of the report. HO noted that the report is signed on 3-25-08 by Dickerson. HO noted upon service there was enough information in the affirmed report to allow Williams to request Dickerson as a witness.

*Id*. at Ex. 3, p. 6.

Plaintiff was sanctioned to a loss of 120 days good conduct credit, 270 days of segregation and loss of visits for three months. *Id*. at pp. 4—8. He appealed the hearing

---

[1] Rule 119 prohibits inmates from engaging in acts of indecent exposure, including masturbation. Rule 405 prohibits "exhibition, demonstration or conveyance of insolence, disrespect, or vulgar language." Paper No. 12 at Ex. 4.

officer's decision to the Warden, who upheld both the guilty findings and the sanctions imposed. *Id*.

With respect to Plaintiff's allegations against Officer Whiteside, Defendants state Plaintiff was properly charged with rule violations for his conduct on June 17, 2008. On that date Whiteside was on Plaintiff's housing tier handcuffing segregation inmates before they went for their daily out-of-cell activity. Paper No. 12 at Ex. 9. When Whiteside approached Plaintiff's cell he could not see inside because the window was obstructed by two pictures. *Id*. He asked Plaintiff to remove the pictures from the window and Plaintiff replied, "Fuck you Whiteside, you whore. You know I am in here." *Id*. Whiteside then informed Plaintiff he would not receive his walk due to his behavior. Plaintiff then responded, "Let me out of this cell now, you fucking whore. Fuck you and these walks. I will kill you bitch." *Id*. When Whiteside asked Plaintiff to present his identification card, he replied, "Fuck you bitch, you know who the fuck I am." *Id*. Whiteside was able to identify Plaintiff by his E card in the Control Center of the housing unit and issued Plaintiff a notice of infraction charging him with violation of Rules 104, 405, 400 and 408. [2] At a hearing Plaintiff was found guilty of violating the charged rules and sanctioned with 150 days of segregation. In addition, on July 1, 2008, Plaintiff was advised in writing that due to his disruptive behavior his out-of-cell activity would be suspended until July 16, 2008. The guilty finding and sanctions were upheld by the warden.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[2] Rule 104 prohibits use of threatening language. Rule 400 prohibits disobeying a direct order. Rule 408 prohibits destruction or misuse of property belonging to the state government or another person.

4

material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

In prison disciplinary proceedings where a prisoner faces the possible loss of good

5

conduct credits, he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974).  These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision.  *Wolff*, 418 U. S. at 564-571.  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence".  *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).  The mere fact that an internal Division of Correction rule governing adjustment hearings was violated does not necessarily equate to a due process violation. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) (state does not necessarily violate the constitution when it violates one of its rules); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) (violations of due process must be measured against a federal standard).

     Upon examination of the adjustment proceedings against Plaintiff, this court concludes that the procedures utilized to conclude that he was guilty of the charges alleged were not constitutionally defective.  Plaintiff was provided with advance notice of the charges.  The guilty findings were based on "some evidence," to wit, the credibility of the witnesses against Plaintiff and the reports as written.  There is no indication that Plaintiff was not allowed to call witnesses, nor does he allege he was improperly denied witnesses.  The additional charges added by Sgt Dean did not deprive Plaintiff of advanced notice of the behavior he engaged in and the postponement of the hearing date insured the notice was timely.  Plaintiff's claims are based on his disgruntlement that he was not believed by the hearing officer when he said the reporting officers were lying.  As unfortunate as that fact may be, it does not encroach on his constitutionally protected right to due process.

Accordingly, Defendants are entitled to summary judgment in their favor. A separate order follows.

|  |  |
|---|---|
| January 19, 2010 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |